UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PRABIR MITRA,                                   :
                                                :
             Plaintiff,             :
                                                :        **SUMMARY ORDER**
   -against-                                   :
                                                :        09-CV-4387 (DLI) (RLM)
GLOBAL FINANCIAL CORPORATION,                   :
                                                :
             Defendant.             :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On July 3, 2007, the parties submitted their dispute over brokerage commission fees to the Commercial Arbitration Tribunal of the American Arbitration Association as provided for in the arbitration clause of their brokerage agreement. On March 21, 2008, the arbitrator conducted a hearing on the merits at which the parties appeared and presented their evidence. On June 4, 2008, the arbitrator issued a written decision awarding defendant $140,637.50 in brokerage commission fees. On June 23, 2009, the arbitration award was confirmed, pursuant to § 6 of the Federal Arbitration Act, by the District Court for the Southern District of Florida (the "judgment").

On September 3, 2009, plaintiff initiated this action in the Supreme Court of the State of New York, Queens County, to enjoin the entry and/or enforcement of the judgment. According to plaintiff, the enforcement of the judgment would be in violation of New York Real Property Law §§ 440-a & 442-d, which provide, respectively, that:

> No person . . . shall engage in or follow the business or occupation of, or hold himself . . . out or act temporarily or otherwise as a real estate broker . . . in this state without first procuring a license therefor . . . .
>
> No person . . . shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered, in any place in which this article

1

is applicable, in . . . negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker . . . .

Defendant removed the action to this court on October 2, 2009, and moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

## **DISCUSSION**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." On a motion to dismiss, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court set forth the requirement that a plaintiff plead enough facts to "state a claim to relief that is plausible on its face." 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). A court may dismiss a claim on res judicata or collateral estoppel grounds on a motion to dismiss. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993).

The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding. *See Mahler v. Campagna*, 60 A.D.3d 1009, 1011 (2d Dep't 2009); *see also Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be

controlling. *Mahler*, 60 A.D.3d at 1011. The doctrines of res judicata and collateral estoppel apply to arbitration awards with the same force and effect as they apply to judgments of a court. *Id.*; *see also United States Postal Serv. v. Gregory*, 534 U.S. 1, 16 (2001) (Ginsburg, J., concurring) (quoting Restatement (Second) of Judgments § 84 (1982)); *Streit v. Amdocs, Inc.*, 307 Fed. Appx. 505, 509 (2d Cir. 2009).

Plaintiff argues that res judicata and collateral estoppel should not apply because: (1) he seeks to enjoin the enforcement of the judgment, not retry the issues adjudicated in the action underlying the judgment; and (2) the public policy interests behind §§ 440-a & 442-d outweigh the public policy interests of res judicata. Regarding the first argument, plaintiff's attempt to distinguish enjoining the enforcement of the judgment from retrying the issues resolved by the judgment is, at best, a semantic distinction without a practical difference, and therefore does not preclude the application of res judicata or collateral estoppel. The arbitration award and judgment were clearly final determinations of the parties' fee dispute on the merits. Moreover, it is clear that plaintiff now seeks collateral reconsideration of an issue that has already been adjudicated between the parties under the guise of a request for injunctive relief. Plaintiff argued at the arbitration that § 442-d precluded defendant from recovering commission fees under the agreement between the parties. The Arbitrator rejected this argument because defendant performed its services outside of New York, and § 442-d does not prohibit the collection of fees for such services. Plaintiff again raised this argument at the arbitration confirmation proceedings and, although the district court found it unnecessary to examine whether the arbitration award so offended public policy as to warrant overturning it, the court nevertheless held that the award did not rise to such a level. Accordingly, this action is barred by the doctrines of res judicata and collateral estoppel.

3

Even if res judicata did not apply, this action must still be dismissed because, as the arbitrator correctly found, §§ 440-a & 442-d only apply to services rendered in the state of New York. *See Manshion Joho Center Co., Ltd. v. Manshion Joho Center Inc.*, 24 A.D.3d 189, 190 (1st Dep't 2005) ("section 442-d does not apply to real estate brokerage services rendered outside of New York") (citations omitted); *see also Sutton v. Transcontinental Investing Corp.*, 31 Misc. 2d 832 (N.Y. Sup. Ct. 1961) (sections 440-a & 442-d "cover brokers and services rendered in [New York], regardless of the location of the property subject of the claimed brokerage"). Plantiff's complaint contains no allegation that defendant performed its brokerage services in New York. While his sur reply letter points out that the defendant participated in multiple communications concerning the transaction while plaintiff was in New York, these contacts are *de minimus* at best. The record indicates that the overwhelming majority of the services were performed by defendant from its office in Florida. Thus, plaintiff could not ultimately obtain an injunction because enforcing the judgment is not contrary to the plain language of, or the public policy interests underlying, §§ 440-a or 442-d.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is granted. The complaint is dismissed in its entirety with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
April 15, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge