**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
**PRABIR MITRA,**

                              **Plaintiff,**            **REPORT AND**
                                                          **RECOMMENDATION**
       -against-

                                                            09-CV-4387 (DLI)

**GLOBAL FINANCIAL CORPORATION,**

                                **Defendant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On April 15, 2010, the Honorable Dora L. Irizarry granted a motion filed by defendant Global Financial Corporation ("Global") to dismiss this action on res judicata and collateral estoppel grounds. See Summary Order (Apr. 15, 2010) at 3-4, ECF Docket Entry ("D.E.") #12. Thereafter, Global filed a motion, pursuant to 28 U.S.C. § 1927, for sanctions against Hal Ginsburg, the attorney for plaintiff Prabir Mitra ("Mitra"), for "commencing this frivolous, vexatious and multiplicative action in bad faith . . . ." Amended Motion for Sanctions (Apr. 29, 2010) ("Motion for Sanctions") at 1, D.E. #19.[1] On May 20, 2010, Judge Irizarry referred the Motion for Sanctions to the undersigned magistrate judge for a report and recommendation. See Referral Order (May 20, 2010). For the reasons that follow, Global's Motion for Sanctions should be denied.

## BACKGROUND

Plaintiff Prabir Mitra is a resident of Queens, New York, see Verified Complaint

---

[1] The motion filed on April 29, 2010 corrected typographical and other minor errors contained in a similar motion filed by Global one day earlier. See Motion for Sanctions at 1 n.1; see also Motion for Sanctions (Apr. 28, 2010), D.E. #15.

("Compl.") ¶ 1, attached to Notice of Removal, D.E. #1, and Global is a corporation organized pursuant to the laws of Connecticut. Id. ¶ 2. The underlying dispute between the parties involved mortgage brokerage fees Mitra allegedly owed Global arising from the sale of a hotel in New York City. See Loan Broker Listing Agreement ("Agreement"), included in Ex. B to Motion to Dismiss, D.E. #9-4, pp. 7-8; Award of Arbitrator ("Award") at 1, included in Ex. B to Motion to Dismiss, D.E. #9-4, pp. 11-13, The Agreement provided that the parties would submit any dispute to arbitration in either Florida or Connecticut. See Agreement ¶ 7.

On July 3, 2007, pursuant to the Agreement, the parties submitted their dispute to arbitration before the Commercial Arbitration Tribunal of the American Arbitration Association in Florida. After conducting a hearing, the arbitrator awarded Global $140,673.50 in brokerage commission fees. See Award at 2. Thereafter, Global filed a Florida state court action to confirm the award under the Federal Arbitration Act, see 9 U.S.C. § 9, and Mitra filed a complaint to vacate the award on the ground that it violated public policy. Both actions were consolidated and removed to the District Court for the Southern District of Florida. The arbitration award was then confirmed by the District Court for the Southern District of Florida. See Mitra v. Global Fin. Corp., No. 08-80914-CIV., 2009 WL 1833932, at *1, *4 (S.D. Fla. June 25, 2009). Concluding that notice of the motion to vacate the judgment was not timely served, the District Court denied Mitra's request to vacate the arbitration award. See id. at *3-4. While rejecting, on procedural grounds, Mitra's challenge to the arbitration award, the Court noted, in dictum, that the standard for overturning an arbitration award as offending public policy is extremely onerous, and that the facts alleged by Mitra did not meet that

standard. See id. at *4 n.2.

On September 3, 2009, Mitra initiated this action in New York State Supreme Court, Queens County, to enjoin the enforcement of the judgment in New York on the ground that such enforcement would violate sections 440-a and 442-d of New York's Real Property Law, in that Global was not licensed to act as a mortgage broker in the State of New York.[2] See Compl. ¶¶ 3-7, 12. Global then removed the action to this Court, see Notice of Removal (Oct. 2, 2009), D.E. #1, and moved to dismiss the complaint. See Motion to Dismiss (Feb. 22, 2010), D.E. #9. Judge Irizarry granted Global's motion to dismiss, ruling that "this action is barred by the doctrines of res judicata and collateral estoppel." Summary Order (Apr. 15, 2010), at 3, D.E. #12. Turning to Global's public policy argument, Judge Irizarry further explained that "[e]ven if res judicata did not apply, this action must still be dismissed because, as the arbitrator correctly found, §§ 440-a & 442-d [of New York's Real Property Law] only apply to services rendered in the state of New York[,]" and "[p]laintiff's complaint contains no allegation that defendant performed its brokerage services in New York." Id. at 4.

After the case was dismissed, Global filed a motion for sanctions against Mitra's counsel, Hal Ginsburg ("Ginsburg"), pursuant to 28 U.S.C. § 1927. See Motion for Sanctions. On May 19, 2010, Ginsburg filed an affirmation in opposition, see Affirmation in

---

[2] Section 440-a provides that "[n]o person . . . shall engage in or follow the business or occupation of, or hold himself . . . out or act temporarily as a real estate broker . . . in this state without first procuring a license therefor . . . ." N.Y. Real Prop. Law § 440-a. Section 442-d provides that "[n]o person . . . shall bring an action in any court of this state for the recovery of compensation for services, in any place in which this article is applicable, in . . . negotiating a loan upon any real estate without alleging and proving that such person was a duly licensed real estate broker . . . ." Id. § 442-d.

-3-

Opposition (May 19, 2010), D.E. #20, and Judge Irizarry referred the motion to the undersigned magistrate judge the following day. See Referral Order.[3]

**DISCUSSION**

Global moves for sanctions pursuant to 28 U.S.C. § 1927, which provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. By its terms, "[section] 1927 authorizes sanctions when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose, and upon a finding of conduct constituting or akin to bad faith." Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (internal quotation marks and citation omitted); accord, e.g.,

---

[3] After moving for sanctions, Global also filed a motion for an award of attorney's fees and costs as against Mitra, pursuant to the Agreement. See Motion for Attorney's Fees and Costs (Apr. 29, 2010), D.E. #18. That motion was withdrawn on May 20, 2010, pursuant to an agreement between the parties to settle the appeal of the related federal action in Florida. See Defendant's Notice of Withdrawal, D.E. #21. However, as a result of a misunderstanding as to the scope of that settlement agreement -- specifically, whether Global was to withdraw the Motion for Sanctions against Ginsburg as well as the motion for attorney's fees and costs against Mitra -- Mitra renounced the settlement agreement and Global re-submitted its motion for attorney's fees and costs. See Second Motion for Attorney's Fees and Costs (May 28, 2010) ("Second Motion"), D.E. #25; id. Ex. A. Without informing this Court, the parties thereafter resolved their differences and again entered into a settlement of the Southern District of Florida litigation that included an agreement to withdraw the motion for attorney's fees and costs pending in this district. See Notice of Withdrawal of Second Motion for Attorney's Fees (Aug. 18, 2010), D.E. #28. This Court learned of the settlement and intent to withdraw only after issuing an order deeming the Second Motion unopposed. See Order (Aug. 12, 2010), D.E. #26.

-4-

Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir. 1997).[4]

"To ensure . . . that fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims, [the Second Circuit] ha[s] declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color, and are taken for reasons of harassment or delay or for other improper purposes[,] *and a high degree of specificity in the factual findings of the lower courts.*" Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (quoting Dow Chem. Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 344 (2d Cir. 1986)) (emphasis and ellipses added in Eisemann); see also, e.g., Root Bros. Farms v. Mak, No. 05 Civ. 10863(LBS)(HBP), 2007 WL 2789481, at *6 (S.D.N.Y. Sept. 25, 2007) (explaining that "courts should exercise restraint in awarding sanctions and sanctions should be reserved for extreme cases"). Thus, before imposing sanctions, the Court "must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith - that is, motivated by improper purposes such as harassment or delay." Eisemann, 204 F.3d at 396 (internal quotation and citation omitted). "The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." Sierra Club v. U.S. Army Corps of Eng'rs, 776 F.2d 383, 390 (2d Cir. 1985). In addition, "[t]he court's factual findings of bad faith must be characterized by a high degree of specificity." Schlaifer Nance & Co. v. Estate of

---

[4] Section 1927 has been construed to "impose[] a procedural requirement of notice and an opportunity to be heard," pursuant to which the party facing sanctions must be informed of "(1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered." Gollomp, 568 F.3d at 368. Ginsberg has not objected to the Motion for Sanctions on procedural grounds.

Warhol, 194 F.3d 323, 338 (2d Cir. 1999).

Here, the facts fail to support either prong of the two-prong test for imposing sanctions under section 1927.

**I. Colorability**

With respect to the first prerequisite for an award of sanctions, "[t]he threshold for colorability is low." McCune v. Rugged Entm't, LLC, No. 08-CV-2677 (KAM), 2010 WL 1189390, at *4 (E.D.N.Y. Mar. 29, 2010). "A claim is colorable when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim." Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 78-79 (2d Cir. 2000) (internal quotation and citation omitted); accord, e.g., McCune, 2010 WL 1189390, at *3.

Although this case was summarily dismissed on res judicata and collateral estoppel grounds based on the prior arbitration award and judgment, see Summary Order (April 15, 2010), at 3-4, Ginsburg, on behalf of Mitra, presented two creative, albeit ultimately unpersuasive, arguments for circumventing the application of those legal principles. He argued first that Mitra was not seeking to retry the issues adjudicated in the underlying judgment, but only to enjoin enforcement of the Florida federal judgment here in New York; and second, that the policy interests behind sections 440-a and 442-d of New York's Real Property Law outweigh the policy underpinnings of res judicata. See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss Complaint, at 2-9, D.E. #9-9. These arguments, though rejected by Judge Irizarry, were not entirely frivolous, notwithstanding precedent contrary to Mitra's position. See Salovaara v. Eckert, 222 F.3d 19, 30 (2d Cir. 2000) (explaining that bad faith is not equivalent to lack of support, such as where the claims "were supported by . . .

-6-

good faith arguments to extend, modify, or reverse the law of this Circuit") (quoting DeVoll v. Burdick Painting, Inc., 35 F.3d 408, 414 (9th Cir. 1994)); Schlaifer Nance, 194 F.3d at 337 (explaining "that a claim that fails as a matter of law is not necessarily lacking *any* basis at all") (emphasis in original); Prospect Cap. Corp. v. Enmon, No. 08 Civ. 3721(LBS), 2010 WL 907956, at *4 (S.D.N.Y. Mar. 9, 2010) (opposition to the motion to compel arbitration held not to be frivolous even though precluded by clear and controlling precedent in the Second Circuit); cf. Bartel Dental Books Co. v. Schultz, 786 F.2d 486, 491 (2d Cir. 1986) (upholding award of sanctions for bringing frivolous appeal because counsel failed "even to offer a good faith argument for reversing the precedents that are so hostile to his clients' claims").

Significantly, although Mitra (through different counsel) raised a similar policy argument in litigation before the District Court in Florida, that court ruled on procedural grounds and only addressed the merits of plaintiff's argument in dictum in a footnote. Mitra v. Global Fin. Corp., No. 08-80914-CIV., 2009 WL 1833932, at *7 n.2 (S.D. Fla. June 25, 2009); see Brown v. Sara Lee Corp., 98 Civ. 1593(JSR), 1998 WL 809518 at *4 (S.D.N.Y. Nov. 19, 1998) (declining to impose sanctions, even where plaintiffs' counsel "cavalier[ly]" based a claim on a "re-casting of the very acts by defendants that previously [had] been found insufficient to support any kind of federal claim"; the court "indulge[d] the supposition that plaintiffs' counsel, in the exercise of ingenuity, [was] simply seeking to extend existing law"). Ginsburg could reasonably have believed that a court in New York, understandably more concerned with the policy implications of a dispute relating to a New York State statute, would choose to reach the merits of a substantive argument that the Florida District Court addressed

only in dictum. This Court cannot say that Mitra's claims were entirely "without color," within the meaning ascribed to that term by courts in this circuit.

## II. Bad Faith

Nor does the record support a finding of bad faith on Ginsburg's part. Claims are deemed to be brought in bad faith if they are "motivated by improper purposes such as harassment or delay." Eisemann, 204 F.3d at 396 (internal citation omitted). [I]n this Circuit, the bad faith standard is not easily satisfied and sanctions are warranted only in extreme cases." McCune, 2010 WL 1189390, at *4;[5] see Gollomp, 568 F.3d at 369 (finding bad faith when "plaintiffs persisted in bringing claims against the State of New York that were unquestionably barred by Eleventh Amendment sovereign immunity" even though "several courts had already instructed plaintiff's counsel that similar claims against New York State were barred by the Eleventh Amendment"). Although "[b]ad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," Schlaifer Nance, 194 F.3d at 338 (citation and quotation omitted), a conclusory determination that a meritless filing was made in bad faith will not suffice. See Eisemann, 204 F.3d at 396-97 (reversing award of sanctions where "[t]he

---

[5] Conduct that has been found to warrant sanctions includes:

> [R]esubmitting a motion that had previously been denied; bringing a motion based on 'facts' the opposite of which were previously found by the court; making several insupportable bias recusal motions and repeated motions to reargue; continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased; and waiting until the eve of trial before making a jury demand.

McCune, 2010 WL 1189390, at *3 (citations and quotations omitted).

District Court did not make sufficiently specific factual findings," in that "the Court's conclusory determination that Eisemann's motion was filed in bad faith rested almost entirely on its lack of merit").

Here, Global fails to allege facts sufficient to establish that the instant lawsuit was "motivated by improper purposes such as harassment or delay." Eisemann, 204 F.3d at 396; see also Schlaifer Nance, 194 F.3d at 340 (reversing a sanction imposed under section 1927 and concluding that the attorney's continuation of proceedings was simply "the result of poor legal judgment"). Although Global alleges that Ginsburg "[i]ntentionally [m]isapplied and [c]oncealed [s]ubstantive and [d]ispositive [l]aw in this [a]ction," Global does not support this allegation with any specific facts, but instead relies entirely on Ginsburg's failure to include in the complaint caselaw contrary to his position. See Motion for Sanctions at 7. The complaint clearly apprised the Court of the arbitration award and the Florida District Court judgment, see Compl. ¶¶ 9-10, and Ginsberg was under no obligation to plead adverse precedent in the complaint. See generally Fed. R. Civ. P. 8. Thus, the omission complained of by Global does not support an inference of intentional concealment.

Furthermore, as argued in Ginsburg's opposing affirmation, Ginsburg had a non-frivolous argument for "modifying or reversing existing law" regarding the application of the New York statutes to out-of-state brokers. Fed. R. Civ. P. 11(b)(2); see Affirmation in Opposition ¶ 9 ("[O]ur papers set forth numerous instances where plaintiff admittedly had contact with the defendant in New York, through use of the mail, telephone and internet. We believed these contacts, when taken in context with today's technology and the realities of how business is conducted, sufficed to establish contacts with New York and that the requirement of

a physical presence has become an antiquated concept."). Ginsberg thus acknowledged New York's physical-presence requirement and urged Judge Irizarry to modify the law and conclude that such a requirement was no longer justified, where "the subject hotel was located in New York and the borrower was located in New York . . . [and] all correspondence . . . would have had to have either its beginning or end in New York." Mitra Sur-reply at 2, D.E. #9-14. Although the Court declined to modify the law, see Summary Order at 4, D.E. #12, Global has identified no sound basis for concluding that Ginsburg was seeking to conceal New York law's physical-presence requirement, or that this argument was made in bad faith.

Simply put, while the chances of succeeding in this litigation were extremely slim, given the prior arbitration ruling and Florida District Court decision, the arguments presented were neither patently frivolous nor made for an improper purpose. Consequently, Global has failed to establish that Ginsburg acted in bad faith.

## **CONCLUSION**

For the foregoing reasons, this Court respectfully recommends that Global's motion for sanctions against Mitra's attorney Hal Ginsburg be denied.

Any objections to the recommendations contained in this Report and Recommendation must be filed with Judge Irizarry on or before October 22, 2010. Failure to file objections in a

timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

       **SO ORDERED**

**Dated:**    **Brooklyn, New York**
            **October 6, 2010**

                                    **ROANNE L. MANN**
                                   **UNITED STATES MAGISTRATE JUDGE**