UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
PRABIR MITRA,  :
 :
             Plaintiff,  : **SUMMARY ORDER**
 :
   -against-  : 09-CV-4387 (DLI) (RLM)
 :
GLOBAL FINANCIAL CORPORATION,  :
 :
             Defendant.  :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      On October 6, 2010, U.S. Magistrate Judge Roanne L. Mann, to whom this matter had been referred, issued a Report and Recommendation (the "R&R"), recommending that the court deny defendant's motion to impose sanctions on plaintiff pursuant to 28 U.S.C. § 1927. Defendant filed timely objections to the R&R and plaintiff timely responded. For the reasons below, the court adopts the R&R in full, and the defendant's motion is therefore denied.

## Background

      The relevant facts regarding the instant matter and the parties' larger dispute are set forth in the R&R (Docket Entry No. 30), as well as in the previous ruling of this court (Docket Entry No. 12), and are thus incorporated herein by reference.

## Discussion

      When objections to an R&R are made, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects. The district court may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b); *see also United States v. Raddatz,* 447 U.S. 667, 673-76 (1980).

1

Under section 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "In this circuit, the Court may impose § 1927 . . . sanctions only if there is clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay. The test is conjunctive, and neither meritlessness alone nor improper purpose alone will suffice." *Pacific Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, 2005 WL 2036033, at *5 (S.D.N.Y. Aug. 23, 2005) (citations and quotation marks omitted).

Having conducted a *de novo* review of the full record, as well as applicable legal authorities, the court declines to impose sanctions. First, although plaintiff's arguments and legal theories rested on grounds that were somewhat tenuous, the test for colorability is low. As the Magistrate Judge correctly found after examining the record as a whole, and not merely the complaint as defendant would have it, plaintiff's claims did have some legal and factual support. (R&R at 6-7.) This is true notwithstanding the language used by this court in its Summary Order dismissing the complaint. Thus, the test for colorability is satisfied. *See Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 78-79 (2d Cir. 2000) ("A claim is colorable when it has some legal and factual support . . . .") (quotation marks and citations omitted).

Second, even if plaintiff's claims were without a colorable basis, the court agrees with the Magistrate Judge that defendant has not made a clear showing that plaintiff made his claim for reasons of harassment, delay, or other improper purpose. "[I]n this Circuit, the bad faith standard is not easily satisfied and sanctions are warranted only in extreme cases." *McCune v. Rugged Entertainment, LLC*, 2010 WL 1189390, at *4 (E.D.N.Y. Mar. 29, 2010). To support its

position, defendant relies principally on this court's use of the word "guise" in its Summary Order granting defendant's motion to dismiss. The court's characterization of plaintiff's legal argument was not a dispositive factual finding as to counsel's intent in raising the argument. Defendant's other contentions on this issue (Docket Entry No. 31 at 8) have been considered, and are also insufficient for a finding of bad faith. Accordingly, the court denies defendant's motion for sanctions.

## **Conclusion**

For the reasons discussed above, the R&R of the Magistrate Judge is adopted in its entirety, and defendant's motion for sanctions pursuant to 28 U.S.C. § 1927 is denied.

SO ORDERED.

DATED: Brooklyn, New York
December 8, 2010

/s/
DORA L. IRIZARRY
United States District Judge